UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BURNS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STOUGHTON GOVERNORS and<br>TRESA SALTERS,<br><br>　　　　　　　Defendant. | *<br>*<br>*   C.A. No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff, Christine Burns, hereby files this complaint to recover unpaid overtime and for wrongful termination.

## PARTIES

1. Christine Burns is an individual who resides at 161 Ware Street, Mansfield, Massachusetts.

2. Stoughton Governors is a restaurant which is located at 37 Monk Street, Stoughton, Massachusetts.

3. Tresa Salters is the president of Stoughton Governors and works at that establishment.

## JURISIDICTION AND VENUE

4. Jurisdiction exists as to the use under 28 U.S.C. § 1331.

5. Venue is appropriate pursuant to 28 U.S.C. § 1392(b).

## ALLEGATIONS

6. Ms. Burns worked as a bartender and a so called "manager" at Stoughton Governors which is a bar and restaurant.

7. As a bartender she earned more than $6 per hour.

8. She worked more than forty hours weekly in her position as a bartender.

9. Stoughton Governors failed to pay her for more than two hundred forty-three hours of overtime.

10. Mr. Burns also worked significant hours in her position as a "manager."

11. In her position she did not have the authority to hire or fire anyone. She also had no capacity to suggest terminations.

12. As a manager she had been paid $20 per hour.

13. She worked more than forty hours per week in this position. Sharon Governors failed to pay her for more than one hundred ninety four hours of overtime.

14. Sharon Governors acknowledged that it owed Ms. Burns overtime as to her "manager" position. It maintained records of additional hours of overtime compensation owed to her.

15. Ms. Burns requested payment of her overtime compensation. Sharon Governors refused.

16. In retaliation to her meritorious request, the company then terminated her.

17. On the date of her termination, Ms. Burns had been owed overtime wages exceeding $25,000.

## Count I
### (Violation of Mass. Gen. Laws Ch. 151, § 1A))

18. Ms. Burns incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. Stoughton Governors Company has failed to pay Ms. Burns overtime wages exceeding $25,000.

20. Ms. Burns is entitled to such payment.

21. As a result, Ms. Burns is entitled to an amount exceeding $25,000 plus payment of her attorney's fees.

## Count II
### (Violation of Mass. Gen. Laws Ch. 149, §§ 148, 150)

22. Ms. Burns incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Stoughton Governors Company has failed to pay Ms. Burns more than $25,000.

24. Ms. Burns is entitled to such payment.

25. As a result, Ms. Burns is entitled to an amount exceeding $25,000 plus payment of her attorney's fees.

## Count III
### (Fair Labor Standards Act, 29 U.S.C. § 201)

26. Ms. Burns incorporates the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. Stoughton Governors Company has failed to pay Ms. Burns overtime wages exceeding $25,000.

28. Ms. Burns is entitled to such payment.

29. As a result, Ms. Burns is entitled to an amount exceeding $25,000 plus payment of her attorney's fees.

## Count IV
### (Fair Labor Standards Act, 29 U.S.C. § 201)

30. Ms. Burns incorporates the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Stoughton Governors Company has failed to pay Ms. Burns more than $25,000.

32. Ms. Burns is entitled to such payment.

33. As a result, Ms. Burns is entitled to an amount exceeding $25,000 plus payment of her attorney's fees.

## Count V
### (Breach of Contract)

34. Ms. Burns incorporates the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. Stoughton Governors Company terminated Ms. Burns in retaliation for her requesting payment of unpaid compensation.

36. As a result, Ms. Burns is entitled to recovery of damages in an amount to be determined at trial.

36. That termination is wrongful.

WHEREFORE, Ms. Burns prays that the Court:

1. Enter judgment in favor of Ms. Burns and against Defendant on Count I in an amount exceeding $25,000.

2. Enter judgment in favor of Ms. Burns and against Defendant on Count II in an amount exceeding $25,000.

3. Enter judgment in favor of Ms. Burns and against Defendant on Count III in an amount exceeding $25,000.

4. Enter judgment in favor of Ms. Burns and against Defendant on Count IV in an amount exceeding $330,000.

5. Enter judgment in favor of Ms. Burns and against Defendant on Count V in an amount to be determined at trial.

6. Award Ms. Burns her attorney's fees.

7. Award Ms. Burns interest and costs, which include attorney's fees.

8. Award such other and further relief as the court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

CHRISTINE BURNS,

By her attorney,

LAW OFFICE OF
CHRISTOPHER J. TROMBETTA


/s/ Christopher J. Trombetta
Christopher J. Trombetta (BBO No. 556923)
310 North Main Street, Suite 6
Mansfield, MA 02048
(508) 339-5900
chris@trombettalaw.com

Dated: October 31, 2013